**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO**

```
JOEL LUCIANO-CARABALLO,

     Plaintiff

        v.                              CIV. NO. 10-1588 (PG)

HOSPITAL DAMAS, INC., ET AL.,

     Defendants.
```

**ORDER**

An involuntary dismissal may result under Rule 41(b) of the Federal Rules of Civil Procedure "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." FED.R.CIV.P. 41(b). "The authority of a federal trial court to dismiss a plaintiff's action … because of his failure to prosecute cannot seriously be doubted." Link v. Wabash R.R., 370 U.S. 626, 629 (1962). "This power, which is of ancient origin … is a necessary component of the authority and responsibility of the district courts to establish orderly processes and manage their calendars." Pomales v. Celulares Telefonica, Inc., 342 F.3d 44, 48 (1st Cir. 2003) (internal quotation marks omitted) (citing Young v. Gordon, 330 F.3d 76, 81 (1st Cir. 2003)). "[T]he district court's decision to dismiss a claim for failure to prosecute with or without prejudice is ordinarily within its discretion." The Shell Co. (P.R.) Ltd. v. Los Frailes Serv. Station, Inc., 605 F.3d 10, 26 (1st Cir.2010). "While dismissal is appropriate only when a plaintiff's misconduct is extreme, wasting the court's time and ignoring court deadlines have been found reason enough to dismiss a complaint." Asociacion de Enfermeria Visitante Auffant, Inc. v. Great-West Life and Annuity Ins. Co., 775 F.Supp.2d 333, 348 (D.P.R. 2011) (citing Tower Ventures, Inc. v. City of Westfield, 296 F.3d 43, 46 (1st Cir.2002)). Dismissal for failure to prosecute is a sanction "reserved for cases of 'extremely protracted inaction (measured in years), disobedience of court orders, ignorance of warnings, contumacious conduct, or some other aggravating circumstance.'" Benítez-García v. González- Vega, 468 F.3d at 4 (quoting Cosme Nieves v. Deshler, 826 F.2d 1, 2 (1st Cir.1987)).

The above-captioned claim was filed on June 25, 2010. See Docket No. 1. Shortly thereafter, defendant Hospital Damas filed a motion to stay

CIV. NO. 10-1588 (PG)                                                    Page 2

proceedings informing the court that it had filed for bankruptcy under Chapter 11 of the United States Bankruptcy Code. See Docket No. 12. The court granted the motion, set aside all hearings and deadlines and ordered the parties "to inform the court as to the status of the bankruptcy proceedings every three (3) months." See Docket No. 13.

From January to October of 2011, the plaintiff filed motions in compliance with said order. See Dockets No. 14, 16, 18. On October 17, 2011, this court ordered parties to again file an informative motion of the status of the bankruptcy case by January 13, 2012. See Docket No. 19. Seven months after this deadline elapsed, on August 10, 2012, the court entered an order to show cause as to why the case should not be dismissed for failure to comply with court orders. See Docket No. 20. The plaintiff filed a motion excusing his lack of compliance on grounds of inadvertence and guaranteed having taken the appropriate measures to assure future compliance with this court's orders. See Docket No. 21. Notwithstanding the foregoing, the court ordered that a further informative motion be filed by May 1st, 2014, see Docket No. 33, and yet, for the past three months, the plaintiff has once again flouted our order.

"The court has no obligation to play nursemaid to indifferent parties." Pinto v. Universidad De Puerto Rico, 895 F.2d 18, 19 (1st Cir.1990). Therefore, under this "[C]ourt's … unquestionable authority to dismiss a case … for want of prosecution in order to prevent undue delay in the disposition of pending cases, docket congestion and the possibility of harassment of defendant," Jardines Ltd. Partnership v. Executive Homesearch Realty Serv. Inc., 178 F.R.D. 365 (D.P.R. 1998), the court hereby dismisses plaintiff's suit against defendants **without prejudice** pursuant to FED.R.CIV.P. 41(b). Final judgment dismissing the case without prejudice shall be entered accordingly.

**IT IS SO ORDERED**.

In San Juan, Puerto Rico, August 7, 2014.

S/JUAN M. PEREZ-GIMENEZ
JUAN M. PEREZ-GIMENEZ
U.S. DISTRICT JUDGE